IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT COOK,                                )
                                            )
        Plaintiff,                          )
                                            )   No.  06 C 5930
    v.                                      )
                                            )   Judge Robert W. Gettleman
THE CITY OF CHICAGO,                        )
a municipal corporation;                    )
Chicago Police Officer JEROME FINNIGAN;     )
and Unknown Chicago Police Officers John Does )
and Jane Does 1-10;                         )
                                            )
        Defendants.                         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Cook, a fireman with the Chicago Fire Department, brought a nine-count first amended complaint pursuant to 42 U.S.C. § 1983 against defendants Jerome Finnigan, ten unknown Chicago police officers, and the City of Chicago,[1] alleging violations of his Fourth Amendment rights. Defendant Finnigan has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the complaint is untimely. For the reasons discussed below, the court denies defendant's motion.

## FACTS[2]

---

[1] Although the City of Chicago has been served, it has yet to file a responsive pleading.

[2] The facts recited herein are those alleged in the complaint which, for purposes of a Rule 12(b)(6) motion, the court accepts as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

On May 28, 2002, a group of Chicago police officers, including defendant Finnigan, forced their way into plaintiff's home with their guns drawn. Once inside, the officers threw plaintiff (a fireman with the Chicago Fire Department) on the ground, handcuffed him, slapped him in the head repeatedly, and otherwise "tortured" him. Plaintiff's wife and children witnessed the break-in and the beating. Plaintiff threatened to call 911, at which point the officers beat him further. Defendant Finnigan specifically told plaintiff, "You don't want to fuck with us. Do you know who we are? We are the fucking police. You fuck with us, you'll go to prison, you'll lose your job." The officers also told plaintiff that they had friends in every police district in Chicago, and that they would have him pulled over and plant drugs on him. They also told plaintiff that they would have him fired, and that they could "do whatever the fuck they wanted."

On May 29, 2002, plaintiff called the police to report the incident. The next day, an investigator from the Chicago Police Department came to plaintiff's home to discuss his complaint. The investigator told plaintiff told plaintiff he was a drug dealer and that his complaint was "bogus." A day or two later, the investigator returned to plaintiff's house and told him that if he pursued his complaint the police would cause him to lose his job. Plaintiff told the investigator that he would not pursue the case so long as the police did not arrest him, plant drugs on him, or have him fired. As the investigator left plaintiff's home, he told plaintiff, "Just forget about this; otherwise kiss your job goodbye, and you're fucked."

In 2006, the Cook County State's Attorney's Office contacted plaintiff as part of an investigation of certain police officers, including defendant Finnigan, for a series of incidents similar to the one experienced by plaintiff. Plaintiff agreed to meet an investigator from the

2

State's Attorney's Office, but only in a public parking lot. Plaintiff had his girlfriend watch the meeting, and he brought five hundred dollars in cash in case he was arrested and needed bail money. As a result of the State's Attorney's investigation, defendant Finnigan and other Chicago police officers were charged with criminal offenses in September 2006.

**DISCUSSION**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, – S.Ct. –, 2007 WL 1582936 (June 4, 2007) (citing Bell Atlantic v. Twombley, 127 S.Ct. 1955, 1964 (2007). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1964-65.

Defendants argue that the court should dismiss the complaint because it is barred by the statute of limitations. In Illinois, a § 1983 action must be brought within two years of the date the alleged injury occurred. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). The two-year time period begins when the plaintiff knew or should have known that his constitutional rights were violated. Id. In the instant case, plaintiff alleges that his rights were violated on May 28 and 29, 2002. Plaintiff was therefore required to file a complaint by May 29, 2004; he did not file his first complaint until February 8, 2007.

3

Plaintiff does not dispute that he did not file his complaint within the two-year period set out by the statute of limitations. Instead, he argues that he should be permitted to proceed with his lawsuit under the doctrine of equitable estoppel. Equitable estoppel prevents application of the statute of limitations bar when a party has induced another into forbearing suit within the applicable limitations period. Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir. 1978). "Any deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law." Shropshear v. Corp. Counsel of the City of Chicago, 275 F.3d 593, 597 (7th Cir. 2001). "Once the circumstance giving rise to the estoppel is removed...the filing of the suit cannot be delayed indefinitely." Id.

According to plaintiff, when he attempted to file a complaint about the incident at issue, he was told by an investigator from the Chicago Police Department that he should not pursue his claim. Plaintiff was told by the investigator and the police who allegedly broke into his home, including defendant Finnigan, that if he filed a complaint, they would plant drugs on him, have him arrested, and have him fired, causing plaintiff fear for the safety of himself, his family, and his job. Such threats certainly constitute "blameworthy conduct" that kept plaintiff from pursuing his lawsuit. Further, plaintiff did not delay "indefinitely" in filing his suit; rather, he brought his suit promptly after the defendant officers were arrested and charged, and after he was contacted by investigators. For this reason, the doctrine of equitable estoppel is applicable to the instant case, and the court therefore denies defendant Finnigan's motion to dismiss the claims against him.

## **CONCLUSION**

For the reasons discussed above, the court denies defendant Finnigan's motion to dismiss.

**ENTER: June 11, 2007**

_____
**Robert W. Gettleman**
**United States District Judge**