**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5930 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Judge Arlander Keys |

**DEFENDANT CITY OF CHICAGO'S
MOTION FOR DISMISSAL OF *MONELL* CLAIM**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss count VIII of plaintiff's second amended complaint. In support thereof, the City states:

**INTRODUCTION**

1. Plaintiff has filed a nine count second amended complaint against defendant City and individual police officers Finnigan, Fuelling, Burg, Przybylo, Abels, and Blake. Against defendant officers, he has asserted several violations of his Fourth Amendment rights, violation of substantive due process, and a claim of civil conspiracy. (Second Am. Compl. (Dkt. 26) [hereinafter "Compl."] counts I – VII.) Against the City, plaintiff seeks recovery pursuant to a §1983 *Monell* claim (count VIII). Plaintiff also alleges liability against the City pursuant to Illinois statutory indemnity (745 ILCS 10/9-102) (count IX).

2. Plaintiff's claims arise from a series of events occurring on May 28, 2002 and continuing "the next day," "about one day later," and "about a day or two" after that. (Compl. ¶¶ 10, 80, 81, 85.) Plaintiff alleges that on May 28, 2002, defendant Finnigan and a group of police officers forced their way into plaintiff's home and tortured him. Finnigan allegedly told plaintiff,

"You fuck with us, you'll go to prison, you'll lose your job." (Compl. ¶ 67.) Plaintiff called the police to report the incident. (Compl. ¶ 80.) Later, a Chicago Police Department investigator allegedly told plaintiff that the officers were the police and "they could do what they want." (Comp. ¶ 86.) The investigator said plaintiff could be pulled over while driving, drugs could be found in his car, and he could lose everything and go to prison. (Compl. ¶ 86.)

3. On November 11, 2006, after Finnigan and other SOS officers were arrested and charged by the State of Illinois for similar acts to those alleged by plaintiff, and after plaintiff was contacted by investigators from the State's Attorney's Office, plaintiff filed his complaint. (Dkt. 1.)

4. On March 27, 2007, defendant Finnigan filed a motion to dismiss on the grounds that plaintiff's complaint is untimely. (Dkt. 23.) This Court applied the doctrine of equitable estoppel and denied Finnigan's motion. (Mem. Op. and Order, Dkt. 29.) The Court found that Finnigan's threats constituted "blameworthy conduct" that kept plaintiff from pursuing his lawsuit. (Mem. Op. and Order at 4.)

## STANDARD OF REVIEW

5. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). While a court must assume that all well-pleaded allegations in a complaint are true, it need not strain to find favorable inferences not apparent on the face of the complaint. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir. 1977). A plaintiff can plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *citing Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Additionally, a

2

plaintiff can plead himself out of court by alleging (and therefore admitting) the ingredients of a defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

## ARGUMENT

**I.  THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S *MONELL* CLAIM.**

6. The statute of limitations for an action brought in Illinois pursuant to 42 U.S.C. § 1983 is two years from the date of injury. *Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006). While state law determines the limitations period for § 1983 actions, federal law determines when a § 1983 action accrues. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). The Seventh Circuit has held that an injury accrues when the plaintiff knew or should have known that his constitutional rights have been violated. *Savory*, 469 F.3d at 672 (citing *Kelly v. City of Chicago*, 4 F.3d 509, 510 (7th Cir. 1993)). Accordingly, a § 1983 civil conspiracy claim accrues "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Wilson*, 956 F.2d at 740. Fourth Amendment claims, courts have found, typically begin to run on the day of the alleged misconduct. *Id.*; *Washington v. Summerville*, 127 F. 3d 552, 556 (7th Cir. 1997). Plaintiff's own allegations defeat any suggestion that he did not know his rights had been violated on May 28, 2002.

7. Because plaintiff alleges that the constitutional violations occurred on May 28, 2002 and possibly two to three days thereafter, his claims expired no later that June 1, 2004.

8. Plaintiff's *Monell* claim is based upon constitutional allegations that are untimely, and is therefore also time-barred. *See, e.g., Forsythe v. State*, No. 96 C 1151, 1996 WL 111933, at *2 (N.D. Ill. 1996) (*Monell* claim would run afoul of the statute of limitations applicable to § 1983 claims where events that would form the gravamen of the action occurred more than two years earlier).

## II. THE CITY SHOULD NOT BE ESTOPPED FROM ASSERTING THAT PLAINTIFF'S *MONELL* CLAIM IS TIME-BARRED.

9. Equitable estoppel against public agencies is "disfavored," "rarely successful," *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000), and will lie "only in extraordinary situations." *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992 (7th Cir. 2002). To establish equitable estoppel, the party claiming estoppel must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). To assert estoppel against the government, the plaintiff must also prove that the government's action amounted to affirmative misconduct.[1] *Id.*; *Edgewater Hosp., Inc. v. Bowen*, 857 F.2d 1123, 1137 (7th Cir. 1988). Estoppel against the government therefore requires an element that is not required to estop private persons. *LaBonte v. U.S.*, 233 F.3d 1049, 1053 (7th Cir. 2000); *Gibson*, 201 F.3d at 994. A showing of affirmative misconduct on the part of the government requires an affirmative act to misrepresent or mislead; the government's failure to discharge an affirmative obligation is not the same as engaging in affirmative misconduct. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002).

10. Plaintiff does not allege any affirmative act on the part of the City that would meet this additional element required to assert estoppel against the government. Indeed, unlike

---

[1] The Seventh Circuit has held that in cases in which federal courts borrow state statutes of limitations, federal, rather than state, estoppel law applies. *Smith v. City of Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992). The Seventh Circuit has also found, though not clearly established, that state case law applies to issues of equitable tolling. *Shropshear v. Corporation Counsel of the City of Chicago, et. al*, 275 F.3d 593, 596 - 97 (7th Cir. 2001); *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998) ("In § 1983 actions, federal courts must apply state equitable tolling provisions."); *But cf. Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385, 1389 (7th Cir. 1990) ("difficult questions concerning whose tolling and estoppel doctrines apply."). To the extent it is unclear whether state or federal law would apply to an assertion of estoppel here, the cases cited in paragraphs 9 through 13 of this motion demonstrate that state and federal law regarding estoppel against the government is consistent and thus reliance on both is appropriate. *See Ashafa*, 146 F.3d at 463 (Court did not need to determine whether federal or state estoppel law governed because the applicable estoppel law was the same under both federal and Illinois case law.)

the Court found regarding Finnigan, the City has not engaged in any act that would have induced the substantial reliance of plaintiff. Plaintiff alleges that Finnigan threatened to plant drugs on plaintiff, have him arrested, and have plaintiff fired if he filed a complaint. (Compl. ¶¶ 76, 78.) Plaintiff also alleges that an investigator from the Chicago Police Department told plaintiff he would lose his job with the Chicago Fire Department if he filed a complaint. (Compl. ¶¶ 81 -87.) Because of these alleged threats, plaintiff delayed bringing his suit. (Compl. ¶ 90, 92, 93.) The Court found that the threats, and plaintiff's alleged reliance upon them, were sufficient to invoke equitable estoppel against defendant Finnigan. (Dkt. 29.) As to the City, however, the threats were not its acts. Nor has plaintiff shown that the City engaged in any other affirmative acts that would delay plaintiff in filing his suit.

11. The City did not authorize Finnigan, the investigator, or any other officers, to threaten plaintiff's life and job, and thus the City should not be estopped by the officers' alleged actions. *Lehman v. City of Louisville*, 967 F.2d 1474 (10th Cir. 1992) ("A party cannot state a claim for relief under a theory of estoppel against a state or local government entity on the basis of an unauthorized action."); *Tim Thompson, Inc. v. Village of Hinsdale*, 247 Ill. App. 3d 863, 617 N.E.2d 1227, 1238 (2d Dist. 1993) (The affirmative acts that induce reliance "must be the acts of the municipality, such as legislation, and not merely unauthorized acts of a ministerial officer."); *Du Page v. K-Five Construction Corporation*, 267 Ill. App.3d 266, 642 N.E.2d 164, 169 (2d Dist. 1994) (municipality cannot be estopped by an act of its agent made in derogation of a statutory provision or beyond the authority expressly conferred upon that official). Plaintiff never claims that the City expressly authorized the alleged threats. And not only were the threats never authorized, they also would have been in utter derogation of statutory authority and police rules and regulations.

5

12. Furthermore, any argument from plaintiff that the officers had apparent or implied authority should fail because to be deemed an affirmative act of the City, the authority must be *expressly* conferred by the City.[2]  *Lindahl v. Des Plaines*, 210 Ill. App.3d 281, 568 N.E.2d 1306, 1316 (1st Dist. 1991).

## CONCLUSION

13. Equitable estoppel precludes a defendant by *his own act* from asserting a right he would otherwise have.  *See Lindahl*, 568 N.E.2d at 1315 (citing Black's Law Dictionary 483 (5th ed. 1979)) (emphasis added).  The threats allegedly made by defendant Finnigan, the investigator, and other officers were not acts of the City and the City therefore should not lose its rights under the applicable statute of limitations.

WHEREFORE, defendant, City of Chicago, respectfully requests that this Court enter an order dismissing count VIII of plaintiff's second amended complaint.

Dated: December 12, 2007                                      Respectfully submitted,


                                                              s/ Daniel M. Noland (ARDC No. 6231175)
Terrence M. Burns                                             One of the Attorneys for Defendant,
Daniel M. Noland                                              City of Chicago
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700
312.876.1155 (facsimile)

---

[2] Even if implied authority were sufficient, the officers did not have it either because the threats were outside the scope of their employment.  An employee has departed from the scope of his employment if his actions are different from the types of acts he is authorized to perform, or were performed purely in his own interest. *Wright v. City of Danville*, 174 Ill. 2d 391, 405, 675 N.E.2d 110 (1996).  The City is not responsible for acts which are clearly inappropriate to or unforeseeable in the accomplishment of an authorized result.  *Id.*  The alleged threats were inappropriate to and unforeseeable in the accomplishment of any authorized duties that defendant officers may have had.  The threats also would have made been purely in the officers' own interest in covering up their own misconduct and avoiding any discipline and other repercussions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2007, I electronically filed the foregoing **City of Chicago's Motion for Dismissal of *Monell* Claim** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Lawrence V. Jackowiak<br>Louis J. Meyer<br>Law Offices of Lawrence V. Jackowiak<br>20 North Clark Street<br>Suite 1700<br>Chicago, Illinois 60602<br>(312) 795-9595<br>jackowiaklawoffice@yahoo.com | Geri Lynn Yanow<br>City of Chicago, Department of Law<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>(312) 744-2837 telephone<br>(312) 744-6566 facsimile<br>glyanow@cityofchicago.org |
| Phillip J. Oliver<br>Law Office of Robert D. Kuzas<br>222 North LaSalle Street<br>Suite 200<br>Chicago, Illinois 60601<br>(312) 654-8856 telephone<br>oliverpj28@yahoo.com | Michael Andrew Ficaro<br>Jacob M. Mihm<br>Kamau A. Coar<br>Kathleen Holper Champagne<br>Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>Chicago, IL 60602<br>312.977.9200<br>maficaro@uhlaw.com<br>jmmihm@uhlaw.com<br>kacoar@uhlaw.com<br>kchampagne@uhlaw.com |

s/ Daniel M. Noland (ARDC No. 6231175)
Daniel M. Noland

CHICAGO\2404987.1
ID\METH