**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5930 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendants. | ) | Magistrate Judge Arlander Keys |

**DEFENDANT CITY OF CHICAGO'S
REPLY IN SUPPORT OF MOTION FOR DISMISSAL OF *MONELL* CLAIM**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for its reply in support of its motion to dismiss count VIII of plaintiff's second amended complaint, states:

**INTRODUCTION**

Plaintiff's response is devoid of law because the law does not support his position. Based on well-established law, unauthorized threats, made in derogation of law and express City policy, are not affirmative acts of the City and therefore do not fit within the rare and exceptional circumstances necessary to apply estoppel against a municipality.

Plaintiff avoids citing any legal authority by resting on the assumption that estoppel against Defendant Finnigan warrants estoppel against the City. This assumption is inconsistent with the law. This Court based its decision to estop Defendant Finnigan on alleged threats made by Finnigan and the investigator. The alleged threats were not the act of the City and, moreover, a government "may not be estopped on the same terms as any other litigant." *Heckler v. Community Health Services of Crawford County, Inc., Pa.*, 467 U.S. 51, 60 (1984). As a public body, for the City to be estopped from asserting the statute of limitations as a defense to the

*Monell* claim, plaintiff must meet the additional element of showing an affirmative act by the City. *Halleck v. County of Cook*, 637 N.E. 2d 1110, 1114 (Ill. App. Ct. 1994).

**I. Plaintiff's Only Citation to Law Weighs Against Applying Estoppel.**

Plaintiff fails to cite even one case where estoppel has been applied against the government, let alone a case that would apply to the facts here. Conversely, there are ample cases in which courts decline to apply estoppel against a public body asserting the statute of limitations as a defense. *See, e.g.*, *In re Joseph B*, 630 N.E.2d 1180, 1196 (Ill. App. Ct. 1994) (refusing to apply estoppel against Department of Children and Family Services' assertion of defense of statute of limitations in light of policy against estopping a public body); *Feiler v. Covenant Medical Center*, 598 N.E.2d 376, 379 (Ill. App. Ct. 1992) (holding that municipality should not be precluded by the doctrine of equitable estoppel from asserting statute of limitations).

Although not dealing with the statute of limitations, in the *only* case cited in plaintiff's response, the Seventh Circuit refused to apply estoppel against the government because the acts were unauthorized. *Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132 (7th Cir. 1992). The court in *Mendrala* cited the Supreme Court's "consistently upheld" principle that one may not rely upon the conduct of government agents contrary to law to assert estoppel. *Id.* at 1140 (citing *Heckler*, 467 U.S. at 63; *Schweiker v. Hansen*, 450 U.S. 785, 788-91 (1981)). Here, the threats by Finnigan and the investigator that allegedly caused plaintiff to delay filing his lawsuit, if true, were in contravention of law and express City policy. *See* Chicago, Ill., Code 2-84-430 (prior code § 11-40) ("All complaints of citizens regarding officers and members of the department of police shall be investigated promptly and thoroughly. The substance of all oral complaints and

copies of written complaints received at the police stations, and by the various bureaus, divisions and sections of the service, shall be forwarded promptly to the superintendent of police.")

Plaintiff cited *Mendrala* for the quote that estoppel against the government can be applied in "certain circumstances." (Pltf.'s Resp. 3 (citing *Mendrala*, 955 F.2d at 1141).) A further reading of *Mendrala* reveals that no circumstances exist here that would warrant the application of estoppel against the government. Consistent with cases cited by the City, the court in *Mendrala* stated that estoppel should not apply against the government unless there is "affirmative misconduct" on the part of the government. *Mendrala*, 955 F.2d at 1141. There is no allegation or evidence that the City committed affirmative misconduct or expressly authorized Defendant Finnigan or the investigator to make the alleged threats.[1]

## II. Plaintiff Fails to Meet the Elements Required to Assert Estoppel Against the City.

The policies and established principles that compel a higher standard for asserting estoppel against the government apply not only to the federal government, as in *Mendrala*, but to all public bodies. *See Bank of Pawnee v. Joslin*, 521 N.E.2d 1177, 1185 (Ill. App. Ct. 1988). Estoppel is "rarely invoked against public bodies, such as a municipal corporation, particularly when public revenues are involved." *Halleck*, 637 N.E. 2d at 1114. A city or village cannot be estopped by an act of its agent beyond his express authority, or made in derogation of statute. *Du Page v. K-Five Construction Corporation*, 642 N.E.2d 164, 169 (Ill. App. Ct. 1994) Accordingly, apparent authority is not enough to bind a municipality. *See Heritage Commons Partners v. Village of Summit*, 730 F.Supp. 821, 823 (N.D.Ill. 1990).

---

[1] Contrary to plaintiff's argument that the City is attempting to "escape liability," the City is moving to dismiss the *Monell* count against it only. The City has answered the indemnity and vicarious liability counts asserted against it as a result of this Court's ruling on Finnigan's motion to dismiss.

3

Plaintiff argues that if equitable estoppel is only allowed in cases where fraud or misconduct is authorized, it will never be allowed. (Pltf.'s Resp. 2.) For estoppel against a municipality, this statement is nearly accurate–estoppel against a municipality is "disfavored" and "rarely successful." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). *See also McCalley v. City of Belvedere*, 1996 WL 734623, at *7 (N.D. Ill. 1996) ("Clearly, under Illinois law, estoppel against a municipality is intended to be a rarity."). Although courts "apply the estoppel doctrine against a city where the city, itself, rather than an unauthorized agent, commits affirmative acts of fraud," for estoppel purposes those affirmative acts "must be the acts of the municipality itself, such as legislation, rather than the unauthorized actions of a ministerial officer." *Bank of Pawnee*, 521 N.E.2d at 1185.

The law contradicts plaintiff's contention that the City acted affirmatively. Plaintiff, as the party asserting the applicability of equitable estoppel, has the burden of establishing its requisite elements by "clear, precise and unequivocal" evidence. *Feiler*, 598 N.E.2d at 379. Plaintiff's bare declaration that the threats were affirmative acts of the City do not meet this standard and do not comport with any definition of an affirmative act under the law of estoppel as applied to a public body. Not only are the alleged threats unauthorized, they are in derogation of law and City policy. *See* Chicago, Ill., Code 2-84-430. The City has ordinances, policies, procedures, and practices that provide citizens the opportunity to file a complaint with the Office of Professional Standards. Plaintiff does not allege that the City has a policy of threatening citizens into not filing complaints. To the contrary, plaintiff claims that citizens have made "scores of complaints" to the City. (Pltf.'s Resp. 1.) Plaintiff even concedes that threats against filing a complaint would never be authorized by the City (Pltf.'s Resp. 2), but he nevertheless ignores the law that holds, for purposes of estoppel, an affirmative act of the City must be an

4

authorized one. A municipal corporation simply will not be estopped by an act of its officer beyond his express authority. *Halleck*, 637 N.E.2d at 1114. Thus, estoppel should not apply here.

   For the reasons stated above, Defendant, City of Chicago, respectfully requests that this Court enter an order dismissing count VIII of plaintiff's second amended complaint.


Dated: February 1, 2008          Respectfully submitted,


                     s/ Daniel M. Noland (ARDC No. 6231175)

Terrence M. Burns          One of the Attorneys for Defendant,
Daniel M. Noland          City of Chicago
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
312.876.1700
312.876.1155 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I electronically filed the foregoing **City of Chicago's Reply in Support of Motion for Dismissal of *Monell* Claim** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street
Suite 1700
Chicago, Illinois 60602
(312) 795-9595
jackowiaklawoffice@yahoo.com

Phillip J. Oliver
Law Office of Robert D. Kuzas
222 North LaSalle Street
Suite 200
Chicago, Illinois 60601
(312) 654-8856 telephone
oliverpj28@yahoo.com

Geri Lynn Yanow
City of Chicago, Department of Law
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-2837 telephone
(312) 744-6566 facsimile
glyanow@cityofchicago.org

Michael Andrew Ficaro
Jacob M. Mihm
Kamau A. Coar
Kathleen Holper Champagne
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
312.977.9200
maficaro@uhlaw.com
jmmihm@uhlaw.com
kacoar@uhlaw.com
kchampagne@uhlaw.com

s/ Daniel M. Noland (ARDC No. 6231175)
Daniel M. Noland

CHICAGO\2418097.1
ID\METH