IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COOK, | ) | |
| | ) | |
| Plaintiff, | ) | No.  06 C 5930 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE CITY OF CHICAGO, a municipal | ) | |
| corporation; and Chicago Police Officers JEROME | ) | |
| FINNIGAN, Star 5167; KEITH FUELLING, | ) | |
| Star 13618; PAUL BURG, Star 8204; JENNIFER | ) | |
| PRZYBYLO, Star 8574; KEN ABELS, Star 1747; | ) | |
| and JOHN BLAKE, Star 454; | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Cook, a fireman with the Chicago Fire Department, has brought a nine

count second amended complaint against defendant City of Chicago (the "City") and individual

Chicago police officers Jerome Finnigan, Keith Fuelling, Paul Burg, Jennifer Przybylo, Ken

Abels and John Blake asserting violations of his Fourth Amendment rights, substantive due

process rights and civil conspiracy.  Against the City, plaintiff seeks recovery in a 42 U.S.C. §

1983 claim brought pursuant to Monell v. Department of Social Services of the City of New

York, 436 U.S. 658 (1978).  Plaintiff also alleges liability against the City pursuant to 745 ILCS

10/9-102.  The City has moved to dismiss the Monell claim (Count VIII) arguing that the it is

untimely.  For the reasons discussed below, the court denies the City's motion.

## FACTS

The complaint alleges that on May 28, 2002, Finnigan and a group of Chicago Police

Officers forced their way into plaintiff's home with their guns drawn.  Once inside, the officers

threw plaintiff on the ground, handcuffed him, slapped him in the head repeatedly and otherwise

"tortured" him. Plaintiff's girlfriend and children witnessed the break-in and beating. Plaintiff threatened to call 911, at which point the officers beat him further and defendant Finnigan specifically told plaintiff "you don't want to fuck with us. Do you know who we are? We are the fucking police. You fuck with us, you'll go to prison, you'll lose your job." The officers also told plaintiff that they had friends in every police district in Chicago, and that they would have him pulled over and plant drugs on him. Finally, they told plaintiff that they would have him fired, and that they could "do whatever the fuck they wanted."

The following day the plaintiff called the Chicago Police Department ("CPD") to report the incident. The next day, May 30, 2002, an investigator from the CPD came to plaintiff's home to discuss his complaint. The investigator told plaintiff that plaintiff was a drug dealer and that his complaint was "bogus." A day or two later, the investigator returned to plaintiff's house and told him that if he pursued his complaint the police would cause him to lose his job. Plaintiff told the investigator that he would not pursue the case so long as the police did not arrest him, plant drugs on him, or have him fired. As the investigator left plaintiff's home, he told plaintiff, "just forget about this; otherwise kiss your job goodbye, and you're fucked."

On November 11, 2006, after Finnigan and other Special Operations Section ("SOS") Officers were arrested and charged by the State of Illinois for acts similar to those alleged by plaintiff, and after plaintiff was contacted by investigators from the State's Attorney's Office, plaintiff filed the instant complaint.

**DISCUSSION**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964 (2007)). Specific facts are not necessary and the statement need only give the defendant fair notice of what the claim is and the grounds on which it rests. Id. Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. Bell Atlantic, 127 S.Ct. at 1965.

The City argues that the court should dismiss the Monell claim because it is barred by the statute of limitations. In Illinois, a § 1983 action must be brought within two years of the date the alleged injury occurred. Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). The two year time period begins when the plaintiff knew or should known that his constitutional rights were violated. Id. In the instant case, plaintiff alleges that his rights were violated on May 28 through June 2, 20002. Ordinarily, therefore, plaintiff would be required to file a complaint by June 2, 2004, but did not file his first complaint until November 1, 2006.

Plaintiff does not dispute that he did not file his complaint within the two-year period required by the statute of limitations. Instead, he argues that he should be permitted to proceed with his lawsuit under the doctrine of equitable estoppel, which prevents application of the statute of limitations bar when a party has induced another into forbearing suit within the applicable limitations period. Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir.

1978).  "Any deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law."  Shropshear v. Corp. Counsel of the City of Chicago, 275 F.3d 593, 597 (7th Cir. 2001).

This court has already denied defendant Finnigan's motion to dismiss on statute of limitations grounds, holding that Finnigan's threats and the threats of the investigator for the CPD were sufficiently blameworthy conduct for plaintiff to rely on equitable estoppel to avoid the statute of limitations.  Cook v. City of Chicago, 06 C 5930, June 11, 2007.  The City argues, however, that the threats by Finnigan and the investigator were not acts of the City, and that application of equitable estoppel against a governmental unit is more restrictive than application against individual litigants such as Finnigan.  See Heckler v. Community Health Services of Crawford County, Inc., P.A., 467 U.S. 51, 60 (1984).  According to the City, for it to be estopped from asserting the statute of limitations as a defense to the Monell claim, plaintiff must meet an additional element of showing an affirmative act by the City.  Halleck v. County of Cook, 264 Ill.App.3d 887, 893 (1st Dist. 1994).  Illinois courts generally "apply the estoppel doctrine against a city where a city itself, rather than an unauthorized agent, commits affirmative acts of fraud."  Those acts "must be the acts of the municipality itself, such as legislation, rather than the unauthorized actions of a ministerial officer."  Bank of Pawnee v. Joslin, 166 Ill.App.3d 927, 939 (4th Dist. 1988).[1]

---

[1]Although there is some confusion as to whether state or federal equitable tolling law should apply, the parties agree that with respect to estoppel against a governmental unit, Illinois and federal law are consistent.  See Ashafa v. City of Chicago, 146 F.3d 459, 463 (7th Cir. 1998).

In the instant case, plaintiff alleges that Finnigan's actions and threats, as well as those of CPD investigator were directly related to and the result of certain de facto policies and customs involving the police "code of silence" so widespread, permanent and well-settled that they constitute a custom or usage with the force of law. <u>McTigue v. City of Chicago</u>, 60 F.3d 381, 382 (7th Cir. 1995). Taking plaintiff's allegations as true, the actions taken by Finnigan and the CPD investigator intended to intimidate plaintiff to not press his claim were not simply actions by unauthorized agents, but are part of the custom or usage of allowing and covering up police misconduct alleged by plaintiff. As such, these actions are considered actions taken by the City for which the City is directly responsible and blameworthy for purposes of equitable estoppel. Accordingly, the City's motion to dismiss the <u>Monell</u> claim on statute of limitations grounds is denied.

<b><u>CONCLUSION</u></b>

For the reasons set forth above the City of Chicago's motion to dismiss Count VIII of plaintiff's second amended complaint is denied.

**ENTER: April 25, 2008**

_Robert W. Gettleman_

_____
**Robert W. Gettleman**
**United States District Judge**

5