IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT COOK, | ) | |
| Plaintiff | ) ) | No. 06 C 5930 |
| vs. | ) ) | Judge Robert W. Gettleman |
| THE CITY OF CHICAGO, et al, | ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Cook County State's Attorney's Office's ("State's Attorney") Motion to Quash Plaintiff Robert Cook's ("Plaintiff") Subpoena. The State's Attorney, which is not a party to this action, argues that it should not be required to comply with Plaintiff's subpoena, which seeks files from its ongoing investigations and transcripts of certain grand jury proceedings. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

**BACKGROUND DISCUSSION**

Plaintiff sued the City of Chicago and several police officers under § 1983, alleging that members of the Chicago Police Department's SOS unit illegally searched his home, threatened to falsely charge him with numerous crimes, and beat and battered him on May 28, 2002. The State's Attorney subsequently indicted a number of officers[1] for conduct stemming

---

[1] Plaintiff asserts both that former Chicago Police Officer Jerome Finnigan has been named as a defendant in two state

from-- and similar to --this alleged incident.

On July 7, 2009, Plaintiff issued a subpoena to the State's Attorney, requesting any and all documents relating to the case of *People v. Jerome Finnigan*, Case Nos. 06 CR 25031-01, 06 CR 25031-02, 06 CR 25031-03, 06 CR 25031-04, 07 CR 03160-1 and 07 CR 03120-2, as well as transcripts of certain, related grand jury testimony.

The State's Attorney has moved to quash the subpoena, arguing that the case files are protected by the work product doctrine, and that the grand jury transcripts are confidential and protected, pursuant to the Illinois Code of Criminal Conduct. The Court will discuss each argument in turn

## I. The Work Product Doctrine

Rule 26 of the Federal Rules of Civil Procedure and caselaw applying this Rule are clear: a non-party may not assert the work product doctrine to protect its files or documents. Rule 26(b)(3) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for *another party or its representative* (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.") Fed. R. Civ. P. 26(b)(3)

---

criminal actions- *People v. Jerome Finnigan*, Case Nos. 06 CR 25031 and 07 CR 03160- for official misconduct similar to that alleged in the case at bar; and that Mr. Finnigan was not charged criminally for what he did to Plaintiff, because the statute of limitations barred the prosecution.

2

(emphasis added). Courts interpreting this Rule have held that "the work product privilege limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hernandez v. Longini*, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997) (noting that the state's attorney's office could not assert the work product doctrine to protect its files, because it was not a party to the civil litigation.) *See also, Ostrowski v. Holem*, 2002 WL 31956039, at*3 (N.D. Ill. Jan. 21, 2002)(finding the "work product privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a related and subsequent civil lawsuit"); *Abdell, et al. v. The City of New York*, 2006 WL 2664313, No. 05 Civ. 8453 KMK JFC, at *2 (S.D.N.Y. Sept. 14, 2006) ("By its own terms, Rule 26(b)(3) does not protect materials prepared by lawyers for non-parties.")

Some courts have applied a form of the work product privilege in situations where a civil litigant seeks the disclosure of a prosecutor's open and active criminal file. *See Doe v. Hudgins*, 175 F.R.D. 511, 517 (N.D. Ill. 1997) ("Plaintiffs have pointed to no case, and this Court has found none, where a court ordered disclosure of investigatory files while criminal proceedings were pending.") *Doubleday v. Ruh*, 149 F.R.D. 601, 607 n. 6 (E.D. Cal. 1993) (acknowledging the "commonly accepted notion that work product of a sort can apply to ongoing criminal litigation.") In

3

this case, however, the Court is not convinced that all of the files Plaintiff has requested are active and open. Plaintiff asserts, and the State's Attorney does not deny, that at least six indicted defendants have plead guilty and been sentenced. *Ostrowski v. Holem*, No. 02 C 50281, 2002 WL 31956039 (N.D. Ill. Jan. 21, 2002) (noting that, because the criminal investigation had been closed, there are no concerns with jeopardizing an ongoing criminal investigation.)

In response, the State's Attorney has stated, somewhat evasively, that the case files at issue "*relate to* open and ongoing state criminal prosecutions." State's Attorney's Reply at p. 4 (emphasis added). The State's Attorney has not explained, however, how criminal files for defendants who have plead guilty and been sentenced can be categorized as "open". Nor has the State's Attorney submitted an affidavit or declaration from a knowledgeable individual in their office certifying and explaining that some, all, or part of the requested files remain open and/or are closed. Therefore, the Court denies the State's Attorney's Motion to Quash with regard to the criminal files of the six defendants who have already plead guilty and been sentenced. The Court grants the Motion to the extent that Plaintiff's subpoena seeks files on indicted individuals who have not yet plead, or otherwise had their guilt or innocence determined, and have not yet been sentenced.

## II. GRAND JURY TESTIMONY

Although the subpoena is considerably broader, in his Response to the State's Attorney's Motion to Quash, Plaintiff asserts that he seeks only the production of the Plaintiffs[2]' grand jury testimony at this time. Plaintiff argues that, because he seeks only grand jury testimony given by him and the other Plaintiffs in this case, the need for continued secrecy that is at the heart of rules protecting grand jury testimony is not implicated. *Citing In the Matter of Eyecare Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996) (grand jury transcripts should be produced if the "need for disclosure is greater than the need for continued secrecy.")

The State's Attorney argues that even this more limited request is improper, because grand jury transcripts are protected and confidential pursuant to the Illinois Code of Criminal Procedure, 725 ILCS 5/112-6 (2009). In addition, the Seventh Circuit has ruled that, before a federal court orders the release of state grand jury testimony, the party seeking to discover the testimony should first bring the matter to the supervising state court to determine whether that grand jury testimony should be disclosed. *Lucas v. Turner*, 725 F.2d 1095, 1099 (7th Cir. 1984) ("comity dictates that the federal courts defer action on any

---

[2] Although only Plaintiff Robert Cook caused the subpoena to be issued, Mr. Cook references the testimony of the pro se Plaintiffs as well.

5

disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy.")

The Court agrees with the State's Attorney that "[d]isclosure of Illinois grand jury testimony is prohibited by law absent an order from an Illinois court." *Akbar v. City of Chicago*, 2008 WL 5272463, at *4 (N.D. Ill. Dec. 12, 2008)("The secrecy of grand jury proceedings is maintained to 'insure the grand jury freedom in its deliberations, to prevent subornation of perjury, to encourage disclosure by witnesses and to protect the innocent from unwarranted exposure.'") Plaintiff has not demonstrated that he sought and/or received a ruling on a request for the disclosure he seeks from this Court. As such, the State's Attorney's Motion to Quash Plaintiff's Subpoena seeking grand jury testimony is Granted.

## CONCLUSION

For the reasons set forth above, the State's Attorney's Motion to Quash that portion of Plaintiff's subpoena seeking prosecutorial files is Granted in part and Denied in part. The State's Attorney's Motion to Quash that portion of Plaintiff's subpoena seeking grand jury testimony is Granted.

Dated: January 26, 2010     ENTER:

ARLANDER KEYS
United States Magistrate Judge